**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **HAYDEN SCHIMBORSKI, for himself** | : | |
| **and all others similarly situated,** | : | |
| 5860 Keystone Close, Apt. 10 | : | Case No.: 1:23-cv-555 |
| Oxford, OH 45056 | : | |
| | : | JUDGE |
| **Plaintiff**, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| **THE PHI KAPPA TAU FRATERNITY,** | : | |
| c/o Statutory Agent: Matthew J. Arnold | : | **Jury Demand Endorsed Hereon** |
| 5221 Morning Sun Rd. | : | |
| Oxford, OH 45056 | : | |
| | : | |
| **Defendant.** | : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Hayden Schimborski ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Collective Action Complaint for damages against Defendant The Phi Kappa Tau Fraternity ("Defendant").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111, and the Ohio Prompt Pay Act ("R.C. § 4113").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States.

3.      This Court has jurisdiction over Plaintiff's claims under Ohio law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio's Western Division at Cincinnati; Plaintiff performed work in the Southern District of Ohio's Western Division at Cincinnati; and all or some of the events giving rise to Plaintiff's claims arose in the Southern District of Ohio's Western Division at Cincinnati.

## THE PARTIES

5.     Plaintiff Hayden Schimborski is an individual, a United States citizen, and a resident of Butler County, Ohio.

6.     At all times relevant herein, Plaintiff was an "employee" of Defendant as defined by the FLSA and R.C. Chapter 4111.

7.     Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime wages under the FLSA, 29 U.S.C. § 216. Plaintiff's consent form is filed herewith as Exhibit A.

8.     Defendant The Phi Kappa Tau Fraternity is a Non-Profit Corporation registered to do business in Ohio and conducting business in the Southern District of Ohio's Western Division at Cincinnati.

9.     At all times relevant herein, Defendant was an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

10.     At all times relevant herein, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant had an annual dollar volume of sales or business of at least $500,000 during each of the three years preceding this Complaint.

2

11.     At all times relevant herein, Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce.

12.     Upon information and belief, Defendant was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

## FACTUAL BACKGROUND

13.     Defendant operates a nationwide non-profit fraternity, Phi Kappa Tau, with chapters located throughout the country and a principal place of business located in Oxford, Ohio.

14.     Defendant employs Recruiters that are primarily responsible for founding new Phi Kappa Tau chapters throughout the country.

15.     Defendant also employs Success Managers that are primarily responsible for monitoring and supporting Phi Kappa Tau's existing chapters throughout the country.

16.     Upon information and belief, Defendant employs more than five Recruiters and more than five Success Managers at any given time.

17.     At all times relevant herein, Recruiters and Success Managers, including Plaintiff, were paid on a salary basis.

18.     Prior to approximately July 1, 2023, Recruiters and Success Managers, including Plaintiff, were paid a salary of less than $684.00 per week.

19.     At all times relevant herein, Recruiters and Success Managers, including Plaintiff, were not exempt from the minimum wage and overtime mandates of the FLSA.

20.     At all times relevant herein, Recruiters and Success Managers, including Plaintiff, routinely worked in excess of 40 hours per workweek.

3

21.     At all times relevant herein, Recruiters and Success Managers, including Plaintiff, were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

22.     Plaintiff Hayden Schimborski was employed by Defendant between approximately June 1, 2021 and August 11, 2023.

23.     Plaintiff began his employment with Defendant as a Recruiter. In or around January 2022, Plaintiff accepted a transfer to a Success Manager role.

24.     As a Recruiter, Plaintiff traveled to Allentown, Pennsylvania and performed these duties from Pennsylvania for approximately one full month.

25.     As a Success Manager, Plaintiff's job duties primarily included managing 24 Phi Kappa Tau chapters throughout the Southeast region of the country. Plaintiff traveled out of Ohio approximately three times per month to visit his assigned chapters, attend conferences, and assist with recruiting efforts. Plaintiff also made approximately 5-7 out of state phone calls and/or Zoom teleconference calls per week with members of his assigned chapters, alumni, and parents.

26.     At all times throughout his employment with Defendant, Plaintiff was paid on a salary basis of less than $684.00 per week.

27.     At all times throughout his employment with Defendant, Plaintiff routinely worked in excess of 40 hours per workweek. Plaintiff worked approximately 45 hours per week during summer months, and approximately 55 hours per week for the remainder of the year.

28.     Defendant requires its Recruiters and Success Managers to utilize a software system to record their hours worked. Plaintiff was instructed to record only eight hours of work per day, Monday through Friday, regardless of whether he worked additional hours outside this timeframe.

4

29.     At all times throughout his employment with Defendant, Plaintiff was not paid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in a workweek.

30.     Defendant has willfully refused to pay Recruiters and Success Managers, including Plaintiff, in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Overtime

31.     All of the preceding paragraphs are realleged as if fully rewritten herein.

32.     Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former Recruiters and Success Managers employed by Defendant who were paid on a salary basis of less than $684.00 per week and worked more than 40 hours in any workweek between the three (3) years prior to the date of filing the Complaint through the date of the Court's Preliminary Determination on Similarly Situated Individuals ("FLSA Class").**

33.     Defendant subjected Plaintiff and the FLSA Class Members to the same unlawful pay policies. Since Defendant failed to pay Plaintiff and the FLSA Class Members on a salary basis of not less than $684.00 per week, Plaintiff and the FLSA Class Members are not exempt from the minimum wage and overtime mandates of the FLSA. *See* 29 C.F.R. § 541.100(a)(1); 29 C.F.R. § 541.200(a)(1); 29 C.F.R. § 541.300(a)(1); 29 C.F.R. 541.400(b). Defendant failed to pay Plaintiff and the FLSA Class Members overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

34.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as his own in bringing this action.

35.     These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

36.     In addition to Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide failure to pay an overtime premium for hours worked in excess of 40 per week.

37.     Plaintiff and the SSPs were all paid on a salary basis of less than  $684.00 per week.

38.     As such, Plaintiff and the SSPs were non-exempt employees.

39.     Plaintiff and the SSPs frequently worked more than 40 hours per week.

40.     Plaintiff and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek.

41.     Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

42.     Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

43. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### OMFWSA Collective Action, R.C. 4111, *et seq*.
### Failure to Pay Overtime

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to R.C. § 4111.14, as a representative collective action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

**All current and former Recruiters and Success Managers employed by Defendant who were paid on a salary basis of less than $684.00 per week and worked more than 40 hours in any workweek between the two (2) years prior to the date of filing the Complaint and the date Class Certification is granted ("OMFWSA Class").**

46. Defendant subjected Plaintiff and the OMFWSA Class to the same pay policies and procedures by failing to pay them an overtime premium for all hours worked in a workweek in excess of 40.

47. This action is brought as an "opt-in" action pursuant to R.C. § 4111.14 as to claims for overtime wage compensation withheld in violation of the OMFWSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as his own in bringing this action.

48. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to R.C. § 4111.14, for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorneys' fees and costs under the OMFWSA.

7

49.     In addition to Plaintiff, numerous putative OMFWSA Class members have been denied proper compensation due to Defendant's failure to pay an overtime premium for all hours worked in a workweek in excess of 40.

50.     Plaintiff and the SSPs were all paid on a salary basis of less than $684.00 per week.

51.     As such, Plaintiff and the SSPs were non-exempt employees.

52.     Plaintiff and the SSPs frequently worked more than 40 hours per week.

53.     Plaintiff and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek.

54.     For Defendant's violations of R.C. 4111.02, Plaintiff and the OMFWSA Class members are entitled to recover unpaid wages, liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

**COUNT III**
**R.C. § 4113.15 – Failure to Tender Pay by Regular Payday**

55.     All of the preceding paragraphs are realleged as if fully rewritten herein.

56.     Plaintiff asserts this claim under R.C. § 4113.15, which requires Defendant to compensate its employees within thirty (30) days of the performance of compensable work.

57.     Defendant failed to make proper wage payments to Plaintiff for all hours worked.

58.     By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. § 4113.15.

59.     As a result, in addition to the amount of wages owed to Plaintiff, Defendant is liable to Plaintiff for an amount equal to six percent of Plaintiff's unpaid wages claim or two hundred dollars per pay period, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to <u>Count I</u>, certification as a collective action of the FLSA Class as defined herein and appointment of Plaintiff and his counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to <u>Count II</u>, certification as a collective action to all SSPs and appointment of Plaintiff and his counsel to represent the OMFWSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the OMFWSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the OMFWSA; and such other or additional relief deemed appropriate by the Court and available under the OMFWSA.

C. As to <u>Count III</u>, an award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendant failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15.

D.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Rhiannon M. Herbert* __
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)

10